PAVING ASSESSMENT — STATE OF OKLAHOMA The State of Oklahoma may not be required to pay a paving assessment levied on its property in that it is excluded as being liable therefor under Title 11 O.S. 100 [11-100] (1971). The Attorney General has received your opinion request wherein you point out that the State of Oklahoma is the record titleholder of Lots 7, 8, 9 and 10, Block 1, Donley Heights Addition to Oklahoma City. You further state that the possibility exists that the street adjoining these lots to the west will be paved, and a special assessment will be levied upon all the contiguous property owners. You then raise, in effect, the following question: "Can the State of Oklahoma be required to pay special paving assessment levied upon owners of real property by a local municipality ?" Oklahoma Constitution, Article X, Section7, provides: "The Legislature may authorize county and municipal corporations to levy and collect assessments for local improvements upon property benefitted thereby, homesteads included, without regard to a cash valuation." (Emphasis added) This language does not authorize municipalities to impose special assessments on property owned by the State, but merely enables the Legislature to enact authorizing legislation. The vitalizing legislation concerning paving assessments is found in 11 O.S. 81 [11-81] (1971) et seq. Section 81 contains general authorization to make street improvements. Section 11 O.S. 88 [11-88] empowers municipalities to enact ordinances requiring owners of property subject to assessment to pay the cost of such improvements. Subsequent sections set forth the procedures to be followed in levying special assessments. Title 11 O.S. 100 [11-100] (1971), has special relevance to the question raised. It provides: "Any property which shall be owned by the city, town, or county, or any Board of Education or school district shall be treated and considered the same as the property of other owners, and such city, town, county, school district, or Board of Education within such district to be assessed may pay the total assessment against its property without interest within thirty days from the date of the publication of the ordinance levying the assessment, or, in the event the same is not paid in full without interest within said 30 day period, such city, town, county, school district, or Board of Education shall annually provide by the levy of taxes in a sufficient sum to pay the maturing installment of assessments and interest thereon." (Emphasis added) Special assessments for local improvements are not taxes in the general acceptation of the term, and constitutional prohibitions against taxation of property held for public use are not applicable. Title 11 O.S. 100 [11-100] (1971), subjects property owned by cities, towns, counties, Boards of Education and school districts to assessments for local improvements. This, viewed in the context of Article X, Section 7, and the cases holding that municipal powers are derived from statute, would suggest that the principle of "expressio unius est exclusio alterius" should be applied with respect to the language of Section 100. Accordingly then, such language does not embrace property owned by the State of Oklahoma and a special assessment on such property could be neither levied nor collected. This view is in accord with the following previously issued Attorney General's Opinions which are hereby reaffirmed. (1) Dated August 10, 1949, issued to Joseph McClellan, Secretary-Member, State Board of Public Affairs. (2) Dated June 6, 1954, addressed to Mrs. Helen Sittel, Executive Secretary, Board of Regents of Oklahoma Agricultural and Mechanical Colleges. (3) Dated December 3, 1955, to the State Board of Public Affairs. It is, therefore, the opinion of the Attorney General that your question be answered in the negative. The State of Oklahoma may not be required to pay a paving assessment levied upon its property by a local municipality. (James H. Gray)